**Charles R. LAIRD, Petitioner,**

v.

**SAUSE BROTHERS, INCORPORATED; Eagle Insurance Group, Incorporated; Director, Office of Workers Compensation Programs, Respondents.**

**No. 04–76164.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2006.*

Decided July 11, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles Robinowitz, Esq., Portland, OR, for Petitioner.

Ronald Atwood, Esq., Portland, OR, Karen P. Staats, Esq., OWCP–Longshore and Harbor Workers' Programs District Director, Seattle, WA, Thomas Shepard, Carol Dedeo, Associate Solicitor, Mark A. Reinhalter, Attorney, Michael Niss, U.S. Department of Labor Office of the Solicitor, Washington, DC, for Respondents.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Appellant Charles Laird appeals the decision of the Benefits Review Board ("the Board") affirming the attorney's fees awarded him by the Administrative Law Judge ("ALJ") and District Director ("DD") pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950 (2000).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The parties are familiar with the facts and we do not repeat them here.

We review the Board's decision for substantial evidence and errors of law. *Marine Power & Equip. v. Dep't of Labor*, 203 F.3d 664, 667 (9th Cir.2000). In its decision, the Board appropriately reviewed the attorney's fees awards for whether they were an abuse of discretion or calculated in a manner not in accordance with the law. *See Parks v. Newport News Shipbuilding & Dry Dock Co.*, 32 BRBS 90 (1998).

The Board affirmed the ALJ's award of attorney's fees because it determined that the ALJ "applied the applicable regulation" and "rationally determine[d] that the lower rate [was] appropriate given the circumstances of the case." The ALJ awarded the fee based on an hourly rate that he determined was commensurate with the hourly rates commonly awarded in comparable cases in the same geographic area and was appropriate in light of services performed. The Board's determination that the ALJ did not abuse his discretion in considering these factors when calculating the appropriate fee award is supported by substantial evidence. *See Parks*, 32 BRBS 90 (affirming an attorney's fee award in which the ALJ applied an hourly rate based on the rate normally applied in the same geographic region); 20 C.F.R. § 702.132 (2005) (requiring that any fee awarded under the LHWCA "shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded").

The Board affirmed the attorney's fees awarded by the DD because she "applied the applicable regulation" and "rationally determine[d] that the lower rate [was] appropriate given the circumstances of the case." The DD based the fee award on the hourly rate used by the ALJ, adjusted in light of the more routine nature of the tasks performed before her. The Board's determination that the DD did not abuse her discretion in considering these factors when calculating the fee award is also supported by substantial evidence. *See* 20 C.F.R. § 702.132 (2005) (requiring that any fee awarded under the LHWCA "shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded").

**Petition DENIED.**